UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-00989-TWP-DML |
| ) | |
| KAREY WITTY CEO Corizon Health, Inc., ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO APPOINT CLASS COUNSEL,
DENYING MOTION TO RECONSIDER, AND DISMISSING ACTION**

This matter is before the Court on Plaintiff Richard Kelly's ("Kelly") Motion for Reconsideration [Dkt. 15] and Motion to Appoint Counsel [Dkt. 16]. For the reasons stated below, the motions are **denied**.

**DISCUSSION**

The Complaint in this action is titled "Class Action Complaint," and Kelly seeks to bring several claims on behalf of all present and future inmates at New Castle Correctional Facility ("New Castle"). The lone defendant is Karey Witty, the CEO of Corizon Health, Inc., the private entity contracted to provide healthcare to inmates at New Castle. The claims involve nearly every aspect of health care provided at New Castle, including claims regarding the drug approval procedures, chronic care practice, and dental care.[1]

The Court screened the plaintiff's Complaint pursuant to 28 U.S.C. §1915A(b) in a Screening Entry dated May 24, 2017. The Court dismissed the Complaint at screening, finding:

---

[1] The Court notes that Kelly brought a similarly expansive "Class Action Complaint" regarding a range of conditions at New Castle against the CEO of GEO Group, the private entity contracted to run New Castle. *See* No. 1:17-cv-00598-WTL-MPB.

> Kelly's Complaint must be dismissed because he is not bringing his claims on his own behalf. Specifically, he states that his claims are brought as a class action rather than "on behalf of any one individual." Filing No. 1 at 4. But a *pro se* prisoner cannot typically establish the criteria necessary to bring a class action. To certify a class, Kelly must establish, among other things, that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In nearly all instances, a *pro se* prisoner will not be an adequate class representative. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."); *Goodvine v. Meisner*, 608 Fed. Appx. 415, 417 (7th Cir. 2015) (holding that the district court's reasons for denying class certification—that the plaintiffs "could not fairly represent the class interests because they were *pro se* (and had not made an effort to secure class counsel)"—were "sound reasons"). There are no allegations that would allow the Court to think that the *pro se* plaintiff here could adequately represent a class of all inmates at New Castle. This especially true given the scope of Kelly's claims—namely, challenges to several aspects of the healthcare provided at New Castle. Accordingly, this action cannot proceed as a class action.
>
> Kelly may still proceed with his individual claims on his own behalf. However, the plaintiff's allegations are devoid of any specific allegations regarding how he was harmed by any of the alleged conduct or how the defendant, the CEO of Corizon, was personally responsible for them. Without such allegations, Kelly cannot state a § 1983 claim. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation mark omitted).

Dkt. 11 at 2-3.

The Court gave Kelly an opportunity to file an amended complaint that included allegations of how he was personally affected by the generalized allegations regarding the medical care at New Castle set forth in his class action complaint. Instead of filing an amended complaint, Kelly filed a motion to appoint class counsel and a motion to reconsider the Court's Screening Entry. In his motion to reconsider, Kelly states that he "will not (amend) the original class action complaint in this matter in order to turn this into a personal claims civil complaint," and "should this Court deny the appointment of class counsel," he "intends to move directly to the appeals stage." Dkt. 15 at 1.

Kelly's position is nearly identical to that of the plaintiffs in *Howard*, which is instructive here. In *Howard*, the *pro se* prisoner plaintiffs sought to certify a class of individuals incarcerated at a Wisconsin correctional facility in order to proceed with claims regarding the mental health treatment offered and overcrowding issues. 814 F.3d at 477. The district court in *Howard* denied class certification on the ground that the *pro se* plaintiffs could not adequately represent a class, as the Court did here, and denied the appointment of class counsel. *Id.* The Seventh Circuit affirmed the district court's decision.

First, as set out in the Court's Screening Entry, the Seventh Circuit noted that "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative." *Id.* at 478; *see Goodvine*, 608 Fed. Appx. at 417 (holding that the district court's reasons for denying class certification— that the plaintiffs "could not fairly represent the class interests because they were *pro se* (and had not made an effort to secure class counsel)"—were "sound reasons").

Second, the Seventh Circuit rejected an argument similar to the one the Kelly raises here— namely, that the Court will not certify a class because he is not an adequate class representative yet it will also not appoint him class counsel so that he can become an adequate class representative. But the purpose of Rule 23(g)—which governs the appointment of class counsel— "is not to enable *pro se* plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose is to ensure that the *proposed* class is adequate." *Howard*, 814 F.3d at 478. Thus Rule 23(g) does not suggest that the Court should appoint class counsel in this case.

Third, the Seventh Circuit noted that "even if the district court had ignored the petitioners' reference to Rule 23(g) and considered their motion for appointment of counsel before (and independently from) considering their motion for class certification, the request for counsel would

have been properly denied because the petitioners gave no indication that they had made any effort to retain counsel themselves." *Id.* at 479 (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). This is equally applicable here. In neither of Kelly's motions for the appointment of class counsel did he state that he has made an attempt to recruit class counsel on his own. Moreover, as in *Howard*, this Court gave Kelly "leave to file amended individual complaints," *id.* at 478, but he refused the Court's invitation, wishing to proceed with a class action or not at all. Thus it does not appear that Kelly even requests counsel to aid him in pursuing individual claims.

## CONCLUSION

Based on the foregoing, Kelly's motion to appoint class counsel, [Dkt. 16], is **denied** because he is not entitled to class counsel pursuant to Rule 23(g) or otherwise, nor, even if this were not a barrier, has he made an attempt to secure class counsel on his own. Kelly's motion to reconsider, [Dkt. 15], is also **denied** because Kelly made clear in his motion that if the Court denies his motion to appoint class counsel he will not file an amended complaint to pursue individual claims.

The action is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A because Kelly has failed to state a viable § 1983 claim. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 7/26/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD KELLY
860033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362